Dabney v. Comes.

W. M. DABNEY et al., Partners, etc., *Appellees*, v. A. E.
    COMES et al. (A. LOYD et al., *Appellants*).

No. 18,046.

HEADNOTE BY THE REPORTER.

JUDGMENT—*Against Sureties for Costs — Jury Trial.* Under
    section 610 of the civil code the trial court, upon proper
    notice and motion, may enter up judgment against the sureties·
    on the cost bond for the amount of the costs adjudged against
    the plaintiff, and the sureties are not entitled to a jury trial on
    such motion.

Appeal from Chautauqua district court. Opinion
filed April 12, 1913. Affirmed.

*J. E. Brooks,* and *J. W. Mertz,* both of Sedan, for the
appellants.

*Charles D. Shukers,* of Independence, and *Carl Ack-
arman,* of Sedan, for the appellees.

*Per Curiam:* The sureties on a cost bond appeal from
a judgment entered against them for the amount of
costs adjudged against the plaintiff in the action. The
judgment was entered by the court upon motions· filed
by the former clerk of the district court and by the
defendants after final judgment had been rendered in
the action in favor of the defendants and against the
plaintiff.

The objections which are urged against the judgment
are without merit. The sureties were not entitled to a
jury trial. There was no disputed question of fact. It
would be strange if a court required the aid of a jury in
determining the amount of costs which have accrued in
an action and of which the records of the court are the
only evidence. The code (§ 610) authorizes the court,
upon motion of the defendant or any person having a
right to any part of the costs, to enter up judgment
against the surety for the amount of costs adjudged

against the plaintiff and remaining unpaid. Ten days' notice of the motion is required, and the judgment is to be entered in the name of the defendant. The proceding is a summary one. The provisions of the statute were followed in the present case, and no reason is shown why the judgment should not be affirmed.

It is affirmed.